Nov. Term,
1850.

SMITH
v.
THE STATE.

SMITH *v.* THE STATE on the Relation of LAKE, Prosecuting
Attorney.

The law provides that the treasurer of *Madison* county shall be elected for
three years and until his successor is elected and qualified.

*Thursday,*
*January* 16,
1851.

ERROR to the *Madison* Circuit Court.

PERKINS, J.—This was an information filed by the prosecuting attorney of *Madison* county, in the name of the
state, charging *Seth Smith* with usurping the office of treasurer of said county, and wrongfully holding it to the exclusion of *Isaac P. Snelson,* who was lawfully entitled to
the same.

The parties agreed upon the facts, and, the general issue being filed, submitted the cause to the Court upon the
simple question as to which of said two persons, claiming
the office, had the legal right to it. The Court found in
favor of *Snelson,* and gave judgment accordingly.

*Smith* was elected treasurer of said county at the *August* election, 1847, for three years and till his successor
should be elected and qualified, and gave his bond and
took the oath of office under said election.

*Snelson* was elected to said office at the *August* election,
1850, gave his bond, took the requisite oath, and demanded possession. Possession of the office was denied
him.

The question in the case depends entirely upon the construction of statutory provisions.

The R. S. of 1843, contained two sections prescribing
the tenure of office of county treasurers; the first, section
18, p. 98, made it for three years from the first *Monday* in
*March* next succeeding the election, and until a successor,
&c.; the second, section 70, p. 192, made it for three years
from the time of election, and until, &c.

By an act, approved *January* 19, 1846, (L. 1846, p. 18,)
the former of the above two provisions was expressly repealed. The following act was approved *January* 21,
1850. (L. 1850, p. 177.) It is entitled, " an act defining

the duties of the treasurer of *Madison* county as to road tax."

" Section 1. Be it enacted by the general assembly of the state of *Indiana*, that owners of land in *Madison* county may work out their road tax at the rate of one dollar per day, at any time between the first day of *June* and first day of *May* next ensuing.

" Sec. 2. Should any of the owners of lands in *Madison* county pay to the treasurer of *Madison* county the amount of their road tax in cash before they have worked the same out, if at any time before the first day of *May* next succeeding the payment of said tax, any of said owners of land shall present their road tax receipt under the hand of the supervisor of the proper road district, the said treasurer shall refund in money to said land owner the amount of his road receipt so paid; and section No. 70, of article 4, of chapter 7, of the Revised Statutes of 1843, be, and the same is hereby, repealed, so far as the same refers to the county of *Madison*.

" Sec. 3. This act to take effect and be in force from and after its passage."

Section 70, repealed by this act, was the latter of the two sections first mentioned in this opinion, which prescribed the tenure of the office of county treasurer; and since its repeal there has been no law in *Madison* county fixing the term for which a county treasurer should be elected, all former acts upon the subject having been expressly repealed by section 4, p. 1023, R. S., which section is still in force. This fact may render it somewhat difficult, perhaps, for a Court to determine the tenure of office of a treasurer of that county, elected since the repealing act of 1850, and might possibly embarrass us in declaring the consequence to the then incumbent, but for the fact that other statutory provisions were suffered to remain in force in said county, which, we think, sufficiently show that the legislature, by said repeal, meant neither to prolong nor shorten the time for which he was elected, but to leave it entirely unaffected. Section 74, R. S. p. 193, is as follows:

Nov. Term, 1850.

STINSON
v
THE STATE.

"Whenever the office of county treasurer shall become vacant by death, removal out of the county, resignation, neglect to give bond, or from any other cause, the board of county commissioners," &c., "shall forthwith meet and appoint some suitable person to fill such vacancy; and the person so appointed shall," &c., "and shall hold his office until the expiration of the term for which his predecessor was elected or appointed, and until," &c.

Section 4, R. S. p. 122, is as follows:

"All vacancies which are about to occur in offices, by the expiration of the full term thereof, proper to be supplied at a general election, shall be supplied at the general election next preceding the happening of such vacancies."

General elections are upon the first *Mondays* in *August*. R. S. s. 3, *supra*. The office of county treasurer is one proper to be filled at such general election. Id. s. 1.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Kilgore*, for the plaintiff.

*W. March* and *J. S. Buckles*, for the state.